NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 9 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BHINDER JIT SINGH,

                Petitioner,

    v.

JEFFERSON B. SESSIONS III, Attorney General,

                Respondent.

No.   13-74326

Agency No. A096-161-410

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 7, 2017[**]
Portland, Oregon

Before: O'SCANNLAIN, FISHER, and FRIEDLAND, Circuit Judges.

Bhinder Jit Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order upholding the Immigration Judge's

("IJ") denial of his applications for asylum, withholding of removal, and protection

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under Article III of the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny in part and dismiss in part the petition.

1. The BIA affirmed the IJ's determination that Singh's testimony was not credible and, in light of that adverse credibility finding, affirmed the IJ's determination that Singh had not met his burden of proving eligibility for asylum, withholding of removal, and protection under CAT. Adverse credibility determinations are factual findings that must be upheld "unless the evidence compels a contrary result." *See Jie Cui v. Holder*, 712 F.3d 1332, 1336 (9th Cir. 2013); *accord* 8 U.S.C. § 1252(b)(4)(B). An IJ "must have a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief." *Rizk v. Holder*, 629 F.3d 1083, 1087-88 (9th Cir. 2011) (quoting *Hartooni v. INS*, 21 F.3d 336, 342 (9th Cir. 1994)). But "[s]o long as one of the identified grounds is supported by substantial evidence and goes to the heart of [the alien's] claim of persecution," the IJ's adverse credibility determination must be upheld. *Id.* at 1087 (alterations in original) (quoting *Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir. 2003)).

---

[1] Because Singh's application for relief was filed before May 11, 2005, the standards of review set forth in the REAL ID Act of 2005 do not apply.

Here, the IJ articulated several specific, cogent bases for the adverse credibility finding that are supported by substantial evidence in the record. The IJ identified numerous inconsistencies among Singh's accounts of the events that formed the heart of his claim, and Singh was unable to reconcile those discrepancies despite opportunities to do so. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir. 2001) (holding that inconsistencies related to the events that form the basis of a petitioner's alleged fear of prosecution go to the heart of a claim for relief). The IJ also found material portions of Singh's testimony about his political affiliation to be implausible in light of the background evidence Singh himself introduced. *See Jibril v. Gonzales*, 423 F.3d 1129, 1135 (9th Cir. 2005) (explaining that testimony that is "implausible *in light of the background evidence*" can support an adverse credibility finding (emphasis in original) (quoting *Chebchoub*, 257 F.3d at 1043)). The IJ's adverse credibility finding was also based on an assessment of Singh's demeanor, a determination to which we give "special deference." *Paredes-Urrestarazu v. INS*, 36 F.3d 801, 818-19 (9th Cir. 1994). Singh has thus failed to show that the evidence compels the conclusion that his testimony was credible.

2. Singh also argues that he was deprived of due process because inadequate translator services may have caused the IJ to misperceive his testimony as evasive or not credible. The IJ or BIA could potentially have remedied this

alleged procedural error, but Singh did not object to the translator's services at his individual hearing and did not argue that those services were deficient in his appeal to the BIA.  Any argument that the translation services were deficient is thus unexhausted, and we lack jurisdiction to review that claim.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED IN PART AND DISMISSED IN PART.**